**E-FILED**
Wednesday, 16 March, 2011   04:31:40 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| JACKIE L. HARDWICK, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BARBARA MILTON, in her individual )<br>capacity, and )<br>JOHN AND MARY E. KIRBY HOSPITAL, )<br>)<br>Defendants. ) | Case No. 10-2149 |

## REPORT AND RECOMMENDATION

In July 2010, Plaintiff Jackie L. Hardwick filed a Complaint (#1) against Defendant The John & Mary E. Kirby Hospital (hereinafter "Kirby Hospital") and Defendant Barbara Milton, in her individual capacity. Plaintiff alleges that Defendants discriminated against her in her employment due to her disability. She also brings claims for retaliation and intentional infliction of emotional distress. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1391.

The Court now considers Defendant Milton's Motion to Dismiss **(#6)**. Defendant Milton brings this motion under Federal Rule of Civil Procedure 4(m), noting that Plaintiff has failed to complete service of process. Plaintiff has not filed a response to Defendant Milton's motion. For the reasons set forth below, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Milton's Motion to Dismiss **(#6)** be **GRANTED**.

### I.  Procedural Background

Plaintiff filed her complaint on July 12, 2010. When the 120 day deadline for completing service of process had nearly passed, this Court granted Plaintiff's request for a 30 day extension. (Text Order, Nov. 9, 2010). The Clerk of Court issued a summons for Defendant Kirby Hospital, and Plaintiff completed service of process as to Defendant Kirby Hospital on December 8, 2010. (#3, #4). However, the docket reflects that the Clerk of Court never issued

any summons for Defendant Milton. Plaintiff never completed service of process as to Defendant Milton, and never issued a request for waiver of service of process.

## II. Discussion

With respect to time limits for service of process, Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

FED. R. CIV. P. 4(m).

It has been nearly eight months since Plaintiff filed her complaint against Defendant Milton. Plaintiff has not completed service of process, nor has she responded to Defendant Milton's motion to dismiss on this basis. Plaintiff has not shown good cause for her failure to complete service of process. Therefore, this Court recommends that Defendant Milton's Motion to Dismiss (#6) be granted, and that Plaintiff's claims against Defendant Milton be dismissed without prejudice.

## III. Summary

For the reasons stated above, this Court recommends that Defendant Milton's Motion to Dismiss **(#6)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 16th day of March, 2011.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE