UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JACKIE L. HARDWICK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-2149 |
| ) | |
| JOHN AND MARY E. KIRBY HOSPITAL, ) | Chief Judge Michael P. McCuskey |
| and BARBARA MILTON, an Individual, ) | |
| ) | Magistrate Judge David G. Bernthal |
| Defendants. ) | |
| ) | |

### DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to the Federal Rules of Civil Procedure Rule 36, Defendants John and Mary E. Kirby Hospital and Barbara Milton, by and through their attorneys at Gordon & Rees LLP, hereby requests that Plaintiff, Jackie L. Hardwick, respond in writing to each of the Requests for Admission within thirty (30) days and in accordance with the definitions and instructions set forth herein.

### DEFINITIONS

The following definitions apply to terms used throughout these Requests for Admission ("Requests"):

1.  The terms "YOU" and "YOUR" shall mean Jackie L. Hardwick, as well as any of her respective agents, accountants, attorneys, doctors, representatives, and any and all other persons acting on her behalf or at her direction.

2.  The terms "DOCUMENT" and "DOCUMENTS" shall be construed in the broadest sense possible. In this connection, DOCUMENT(S) shall include all written, printed, typed, recorded or graphic matter of every type or description, including, but not limited to, writings, drawings, graphs, charts, medical records of any nature, photographs, business records,

1



EXHIBIT A

phonographic records or tapes, computer records, electronic mail, electronic databases, cards and tapes, and other data compilations from which information call be obtained, translated if necessary through detection devices into reasonable usable form, or tangible things, from which information can be obtained and all non-identical copies thereof.

3. The terms "COMMUNICATION" and "COMMUNICATIONS" mean any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, interview, conference, meeting or telephone conversation.

4. The phrase "KIRBY HOSPITAL" as used in these Requests, shall mean John and Mark E. Kirby Hospital, one of the Defendants in this matter and the former employer of HARDWICK.

5. The term "MILTON" as used in these Requests, shall mean Barbara Milton, one of the Defendants in this matter.

6. The term "DEFENDANTS" shall mean KIRBY HOSPITAL and/or MILTON.

7. The term "TERMINATION" means the actual or constructive termination of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

## INSTRUCTIONS

1. If a Request is not admitted, YOUR answer must specifically deny the Request and state in detail why YOU cannot truthfully admit or deny the Request. A denial must fairly respond to the substance of the Request. Further, when good faith requires that a party qualify an answer or deny only part of a Request, the answer must specify the part admitted and qualify or deny the rest.

2. Each Request should be construed independently. No Request should be

construed by reference to any other request if the result is a limitation of the scope of the answer to such Request.

3. Whenever appropriate, the singular form of a word shall be interpreted as plural, and the masculine gender shall be deemed to include the feminine.

4. If YOU claim any privilege with respect to any Request and/or refuse to respond to any Request, please specifically set forth the basis of your claim for privilege.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

1. Admit that YOU were placed on probationary status in October 2008 in conjunction with your transfer to the new Purchasing Clerk position by KIRBY HOSPITAL.

**REQUEST FOR ADMISSION NO. 2:**

2. Admit that the duties, responsibilities, and areas of competency for the Purchasing Clerk position were explained to YOU upon YOUR transfer to the position, and that you fully understood and acknowledged those duties, responsibilities, and areas of competency.

**REQUEST FOR ADMISSION NO. 3:**

3. Admit that YOU received one or more verbal or written warnings or otherwise were reprimanded in November 2008 for:

(a) absenteeism;

(b) tardiness;

(c) inaccurate delivery of medical supplies;

(d) improper delivery of medical supplies;

(e) failure to deliver medical supplies;

(f) inaccurate reporting of stock levels of medical supplies;

  (g)  failure to properly prioritize work;

  (h)  failure to work independently; and

  (i)  insubordination.

**REQUEST FOR ADMISSION NO. 4:**

 4. Admit that YOU received one or more verbal or written warnings or otherwise were reprimanded in December 2008 for:

  (a)  absenteeism;

  (b)  tardiness;

  (c)  inaccurate delivery of medical supplies;

  (d)  improper delivery of medical supplies;

  (e)  failure to deliver medical supplies;

  (f)  inaccurate reporting of stock levels of medical supplies;

  (g)  failure to properly prioritize work;

  (h)  failure to work independently; and

  (i)  insubordination.

**REQUEST FOR ADMISSION NO. 5:**

 5. Admit that YOU received one or more verbal or written warnings or otherwise were reprimanded in January 2009 for:

  (a)  absenteeism;

  (b)  tardiness;

  (c)  inaccurate delivery of medical supplies;

  (d)  improper delivery of medical supplies;

  (e)  failure to deliver medical supplies;

  (f)  inaccurate reporting of stock levels of medical supplies;

  (g)  failure to properly prioritize work;

  (h)  failure to work independently; and

  (i)  insubordination.

**REQUEST FOR ADMISSION NO. 6:**

6. Admit that YOU received one or more verbal or written warnings or otherwise were reprimanded in February 2009 for:

  (a)  absenteeism;

  (b)  tardiness;

  (c)  inaccurate delivery of medical supplies;

  (d)  improper delivery of medical supplies;

  (e)  failure to deliver medical supplies;

  (f)  inaccurate reporting of stock levels of medical supplies;

  (g)  failure to properly prioritize work;

  (h)  failure to work independently; and

  (i)  insubordination.

**REQUEST FOR ADMISSION NO. 7:**

7. Admit that YOU received one or more verbal or written warnings or otherwise were reprimanded in March 2009 for:

  (a)  absenteeism;

  (b)  tardiness;

  (c)  inaccurate delivery of medical supplies;

  (d)  improper delivery of medical supplies;

 (e) failure to deliver medical supplies;

 (f) inaccurate reporting of stock levels of medical supplies;

 (g) failure to properly prioritize work;

 (h) failure to work independently; and

 (i) insubordination.

**REQUEST FOR ADMISSION NO. 8:**

8. Admit that from October 2008 through March 2009, YOU failed to perform the duties, responsibilities, and/or areas of competency for the Purchasing Clerk position with KIRBY HOSPITAL.

**REQUEST FOR ADMISSION NO. 9:**

9. Admit that during YOUR 30-day Employee Retention Meeting in November 2008, YOU acknowledged and agreed that:

 (a) the Purchasing Clerk position was more difficult than you had anticipated; and

 (b) YOU were having trouble prioritizing tasks.

**REQUEST FOR ADMISSION NO. 10:**

10. Admit that during YOUR Employee Retention Meeting in January 2009, YOU acknowledged and agreed that:

 (a) YOU were tardy (unexplained) on at least three occasions from November 2008 through January 2009;

 (b) YOU were absent (unexplained) once in January 2009;

    (c)    YOU inaccurately delivered medical supplies at least once in December 2008 or January 2009;

    (d)    YOU improperly requested that someone outside of the Purchasing Department deliver medical supplies for you at least once in December 2008 or January 2009; and

    (e)    YOU inaccurately reported stock levels and/or inventory of certain medical supplies on at least two occasions from December 2008 through January 2009.

**REQUEST FOR ADMISSION NO. 11:**

11.    Admit that during YOUR termination meeting in March 2009, YOU acknowledged and agreed that:

    (a)    YOU were tardy (unexplained) on at least six occasions from February through March 2009;

    (b)    YOU inaccurately delivered medical supplies on at three four occasions from February through March 2009; and

    (c)    YOU inaccurately reported stock levels and/or inventory of certain medical supplies on at least three occasions from February through March 2009.

**REQUEST FOR ADMISSION NO. 12:**

12.    Admit that YOU were released to work on January 13, 2009 with no restrictions, no assistance and no accommodation.

**REQUEST FOR ADMISSION NO. 13:**

7

13. Admit that YOU never provided DEFENDANTS with any DOCUMENT referencing or otherwise evidencing YOUR alleged disability, handicap or condition prior to or at the time of your TERMINATION.

**REQUEST FOR ADMISSION NO. 14:**

14. Admit that YOU never informed DEFENDANTS of YOUR alleged disability, handicap or condition or otherwise COMMUNICATED to DEFENDANTS about YOUR alleged disability, handicap or condition prior to your TERMINATION.

**REQUEST FOR ADMISSION NO. 15:**

15. Admit that YOU never requested any assistance or accommodation from DEFENDANTS for YOUR alleged disability, handicap or condition prior to or at the time of your TERMINATION.

**REQUEST FOR ADMISSION NO. 16:**

16. Admit that YOUR TERMINATION was fair, reasonable and justified in light of YOUR record of performance and attendance problems with KIRBY HOSPITAL.

Dated: March 16, 2011                Respectfully submitted,

By: _____
Ryan T. Brown

Ryan T. Brown
Jamey B. Hiller
GORDON & REES LLP
One North Franklin
Suite 800
Chicago, IL 60606
Tel: (312) 565-1400
Fax: (312) 565-6511
*Counsel for Defendants Kirby Hospital
    and Barbara Milton*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2011, a copy of Defendants' First Set of Requests for Admission was served via electronic mail and U.S. mail to the following:

>Ron Langacker
>LANGACKER LAW LTD
>302 West Hill Street
>Champaign, IL 61820
>217-390-4932
>Fax: 217-377-1921
>Email: langackerlaw@gmail.com
>*Counsel for Plaintiff Jackie L. Hardwick*

>_____
>Ryan T. Brown
>GORDON & REES LLP
>One North Franklin
>Suite 800
>Chicago, Illinois 60606
>Tel: (312) 565-1400
>Fax: (312) 565-6511
>Attorney No. 6269256
>*Counsel for Defendants Kirby Hospital
>    and Barbara Milton*