RYAN T. BROWN
RTBROWN@GORDONREES.COM
DIRECT DIAL: (312) 980-6762
BLACKBERRY: (312) 330-2141

GORDON & REES LLP

ATTORNEYS AT LAW
ONE NORTH FRANKLIN, SUITE 800
CHICAGO, ILLINOIS 60606
PHONE: (312) 565-1400
FAX: (312) 565-6511
WWW.GORDONREES.COM

April 21, 2011

VIA ELECTRONIC MAIL

Ronald S. Langacker
Langacker Law, Ltd.
302 West Hill Street
Suite 101
Champaign, Illinois 61820

Re:   **Meet and Confer Letter Regarding Plaintiff's Responses to Defendant's First Sets of Interrogatories, Requests for Production, and Requests for Admission**
*Jackie Hardwick v. John and Mary E. Kirby Hospital* (Case No. 10-cv-02149)
G&R File No.: 1059053

Dear Ron:

I have reviewed Jackie Hardwick's responses to Defendant's First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission. The responses are untimely, improper and/or woefully deficient. Accordingly, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2, I am writing to make a good faith attempt to address the untimely, improper and deficient responses without the need for the Court's involvement. However, if Plaintiff does not promptly address all issues raised in this letter, Defendant will be forced to file one or more motions to compel.

**I.   Discovery to Date**

**A.   Initial Disclosures**

Pursuant to the Court's Order of January 3, 2011 (Docket: Document Number 9), the parties were to exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) by January 21, 2011. Notwithstanding the Order, and despite the fact that Defendant provided its initial disclosures to Plaintiff on January 6, 2011, Plaintiff's initial disclosures were not received by Defendant until February 11, 2011. Further, Plaintiff's 26(a)(1) disclosure statement is generally deplete of substantive information, and no documents were provided by Plaintiff in conjunction with the disclosure statement.


EXHIBIT D

Ron Langacker
April 21, 2011
Page 2

### B. Interrogatories and Requests for Production

On March 7, 2011, Defendant served its First Set of Interrogatories and First Set of Requests for Production of Documents to Plaintiff. Plaintiff's receipt of the Interrogatories and Requests for Production was confirmed electronically on March 7, 2011 at 6:58am and 6:59am, respectively. Pursuant to Rules 33(b)(2) and 34(b)(2)(A), Plaintiff's responses and documents were due on or before April 6, 2011. Fed. R. Civ. P. 33 and 34. Notwithstanding, and although no extension of time to respond was sought by Plaintiff and none was granted by Defendant, Plaintiff did not serve responses or documents on or before April 6, 2011.

On April 14, 2011, Defendant's counsel wrote to Plaintiff's counsel noting the delinquent responses and requesting information as to when Defendant could expect responses. Thereafter, on April 15, 2011, Plaintiff promised to have responses and documents to Defendant by 5pm on April 18, 2011. On April 18, 2011, Plaintiff unilaterally extended the date and time for responses and documents to 10am on April 19, 2011.

At 9:45am on April 19, 2011, Plaintiff provided the improper responses and limited documents discussed below. Further, Plaintiff promised to provide detailed medical records, which, to date, have not been received by Defendant's counsel.

### C. Notices of Deposition

On March 7, 2011, Defendant issued Notices of Deposition for Plaintiff (for 9:00am on April 28, 2011) and her husband, Gary Hardwick (for 1:00pm on April 26, 2011). Plaintiff's receipt of the Notices was confirmed electronically on March 7, 2011 at 6:59am and 7:01am, respectively. Unfortunately, Plaintiff's failure to meaningfully respond to Defendant's written discovery forced Defendant to postpone these depositions pending receipt of full and proper responses to Interrogatories and all documents and other materials responsive to the Requests for Production. Based upon Plaintiff's counsel's verbal agreement to promptly comply with this LR 37 request by supplementing its responses and production, Defendant wrote to Plaintiff on April 19, 2011 requesting dates when Plaintiff and her husband are available to be deposed. To date, Plaintiff has provided no date(s) for the noticed depositions.

### D. Requests for Admissions

On March 16, 2011, Defendant served its First Set of Requests for Admission on Plaintiff. Requests under Rule 36 are deemed admitted unless answered within 30 days or stipulated to by the parties. Fed. R. Civ. P. 36(a)(3). *Chicago Dist. Council of Carpenters Pension Fund v. P.M.Q.T., Inc.*, 169 F.R.D. 336, 340 (N.D. Ill. 1996). Here, no stipulation was agreed to by the parties. In this connection, our e-correspondence of April 14 and 15 does not address the Requests for Admission, and no post-deadline stipulation will be agreed to by Defendant.

Ron Langacker
April 21, 2011
Page 3

**II.   Untimely Objections**

As noted above, Plaintiff's responses to Defendant's written discovery and Requests for Admission were delinquent, with no excuse for the delay provided by Plaintiff, no extension to time to respond requested by Plaintiff, and no extension of time to respond granted by Defendant. Accordingly, Plaintiff waived her right to object to the subject Interrogatories, Requests for Production, and Requests for Admission. *Davis v. City of Springfield*, No. 07-3096, 2009 U.S. Dist. LEXIS 6737, at *7 (C.D. Ill. 2009)(holding all objections to interrogatories and request to produce waived for failure to timely answer); *Moldenhauer v. Tazewell-Pekin Consol. Commc'n Cent., et.al.*, No. 04-1169, 2006 U.S. Dist. LEXIS 57058, at *4-5 (C.D. Ill. August 14, 2006)(holding that the Court will not consider blanket objections to Request to Admit as a whole, deeming that a party waives any such objection by a late response). Therefore, please remove each and every objection, and provide full answers and documents responsive to Defendant's Interrogatories and Requests for Production.

**III.   Improper General Objections**

   **A.   Improper Responses to Interrogatories and Requests to Produce**

Assuming *en arguendo* that Plaintiff has not waived her right to object to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents (she has), Plaintiff's boilerplate General Objections are improper and unacceptable to Defendant. In this connection, Plaintiff generally objects that all of Defendant's Interrogatories and Requests to Produce are "vague, unclear, overly broad, unduly burdensome, irrelevant, and impose additional requirements different from those ordered, among numerous other objections." As you know, "[m]erely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery." *Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 U.S. Dist. LEXIS 57892, at *20-21 (N.D. Ill. 2006); *In re Aircrash Disaster Near Roselawn, Ind.*, 172 F.R.D. 295, 306 (N.D. Ill. 1997)(rejecting generic, non-specific, boilerplate objections).

Regarding the above, Rules 33 and 34 require that objections be stated with specificity. *Peach v. City of Kewanee*, No. 05-4012, 2006 U.S. Dist. LEXIS 77379, at *4 (C.D. Ill. October 23, 2006). In this connection, Plaintiff has the burden of showing why the request is improper and must state specifically how each discovery request is not relevant or is overly broad, burdensome or oppressive (noting the broad and liberal construction afforded the federal discovery rules). *See* Rule 34(b); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 337 (N.D. Ill. 2005). That burden cannot be met by "the same baseless, often abused litany" that the requested discovery is "vague, ambiguous, overly broad, unduly burdensome," or that it is "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Swift v. First USA Bank*, No. 98 C 8238, 1999 U.S. Dist. LEXIS 19474, at *18 (N.D.Ill. 1999); *Trs. of Operating Eng'rs Local 965 Health Benefit Plan v. Shirley*, No. 08-3082, 2010 U.S. Dist. LEXIS 103847, at *3-4 (C.D. Ill. Sept. 29, 2010). Here, Plaintiff generally objects without any explanation or basis for her objections.

Ron Langacker
April 21, 2011
Page 4

---

Based upon the above, Defendant requests that Plaintiff remove each and every General Objection, and instead state any appropriate objection along with a detailed explanation as to the basis of each such objection. This request is without waiver to Defendant's argument that Plaintiff has waived any right to object to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents.

### IV.   Insufficient Responses and Production

Rule 26(b)(1) contemplates expansive discovery of "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be deemed relevant for purposes of discovery, the information need only appear "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Generally, therefore, Rule 26 creates a presumption in favor of broad and liberal discovery. *Gile, infra*, 95 F.3d at 495.

Here, the information and documents requested by Defendant are within Plaintiff's sole custody or control, and yet, Plaintiff has been minimally responsive to Defendant's written discovery requests. Given that Plaintiff's responses included only general references to its documents, and those documents consisted of 1) a copy of Plaintiff's personnel file and 2) an incomplete copy of administrative documents related to Plaintiff's Charge of Discrimination, there can be no doubt that the responses and production are incomplete. Accordingly, Defendant requests that Plaintiff re-review the Interrogatories and Requests for Production and provide specific and meaningful responses as well as all responsive documents and materials, including correspondence, e-correspondence, and personal records. To the extent that any documents are withheld based upon privilege, Plaintiff must create and produce a privilege log identifying those documents. See *Peach, infra*, U.S. Dist. LEXIS 77379, at *4.

   A.   **Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8 and 9**

Each of the above Interrogatories either identifies a specific time period, or is directly related to Plaintiff's time of employment with Defendant. In this connection, each Interrogatory provides a sufficiently narrow period of time for Plaintiff to provide an answer. Notwithstanding, Plaintiff failed to provide any answer, instead raising an untimely and improper objection that each Interrogatory is "vague and overbroad." Plaintiff further objects to each Interrogatory on grounds that the information sought is protected by a work product privilege, physician-patient privilege, or applicable privilege. However, we see no applicable privilege related to Plaintiff's medical records, alleged disability, requests for accommodation, adverse employment actions and/or reprimands. Plaintiff cannot claim a medical disability and the development of physical and emotional distress, and then refuse to answer any discovery with respect to those claims which are the very core of the Complaint by asserting privilege. Moreover, we have presented Plaintiff with a proposed Agreed Protective Order with respect to Plaintiff's records which would protect any confidentiality issues. Finally, Plaintiff has not provided any privilege log.

Ron Langacker
April 21, 2011
Page 5

In addition to the above, I note that a general reference by Plaintiff to her Complaint and document production in response to Interrogatories is not a sufficient answer to an Interrogatory. If a specific document is responsive to an Interrogatory, then Plaintiff must identify that specific document. Furthermore, as noted above, Plaintiff has not meaningfully produced documents responsive to Defendant's Requests for Production. Accordingly, a reference to the production compounds the disingenuous nature of Plaintiff's responses.

**B.    Interrogatory 10**

Please specify documents which support Plaintiff's claim for damages.

**C.    Interrogatory 11**

It appears that Plaintiff inadvertently left off the answer to this Interrogatory. Accordingly, please promptly supplement the answer.

**D.    Insufficient Responses to First Set of Requests for Production**

Defendant propounded thirty (30) separate requests in relation to its Requests for Production. Plaintiff's production is not specific to those Requests, and Plaintiff provided no indication that she produced all documents in her possession, custody or control or that she has made a good faith, diligent search for such documents. Second, despite Plaintiff's claims of privilege, no privilege log has been provided. Further, Defendant requests that Plaintiff provide redacted responsive documents where redactions can be made.

**V.    Requests for Admission**

**A.    Matters Deemed Admitted**

Plaintiff's answers to Defendant's Requests for Admission were due within 30 days of service. Fed. R. Civ. P. 36(a)(3). Plaintiff failed to timely answer Defendant's Request for Admission. As stated in Rule 36(a)(3), all requests are deemed admitted unless answered within 30 days or stipulated to by the parties. See *Switzer v. Sullivan*, No. 95 C 3793, 1996 U.S. Dist. LEXIS 1249, at *7 (N.D. Ill. February 1, 1996)(holding that a party's failure to respond to a requested admission within thirty days constitutes an admission of the matters requested). In the present matter, Plaintiff failed to answer Defendant's Requests within 30 days, and Defendant did not stipulate to an extension. Therefore, each and every Request for Admission is deemed admitted. Accordingly, please confirm your agreement that the matters specified in Defendant's First Set of Requests for Admission are admitted as a matter of law pursuant to Rule 36(a)(3). In the alternative, please provide your basis and supporting case law for any argument that the matters are not deemed admitted.

Ron Langacker
April 21, 2011
Page 6

### B. Failure to Answer in Good Faith

Next, even if the Court allows Plaintiff to answer outside of 30 days, it is clear that Plaintiff failed to answer the Requests in good faith. In this connection, Plaintiff answered each and every Request for Admission with the same generic denial. For example, Request for Admission Number 5 requests that Plaintiff admit that in January of 2009 she received one or more verbal or written warnings or otherwise was reprimanded. Plaintiff denied the Request outright with no additional explanation. However, in the limited documents produced by Plaintiff (and therefore clearly within her possession at the time she answered Request for Admission Number 5), there is an employee conference report which states that Plaintiff was reprimanded and placed on probation in January of 2009.

As you know, if a party fails to admit the truth of any matter as requested under Rule 36, or if the party requesting the admissions thereafter proves the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees and potential sanctions. Thus, Defendant requests that Plaintiff re-review Defendant's Requests for Admission and provide answers in good faith, including all appropriate admissions. In addition, Defendant requests that Plaintiff personally verify her answers to Defendant's Requests for Admission in accordance with Rule 36. These request are without waiver to Defendant's argument that the matters are deemed admitted.

### C. Improper General Objections

Assuming *en arguendo* that the matters are not deemed admitted (they are) and Plaintiff has not waived her right to object to Defendant's First Set of Requests for Admission (she has), Federal Rule of Civil procedure 36 requires that "[t]he grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5); *Anderson v. City of Wood Dale*, No. 93 C 425, 1997 U.S. Dist. LEXIS 790, at *3 (N.D. Ill. Jan. 28, 1997)(noting that if an objection is made to the request for admission, the party must state the reasons therefor.) Plaintiff must show specifically how each request is not relevant or is overly broad, burdensome or oppressive. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980). Accordingly, Defendant requests that Plaintiff remove from its answers the section titled "General Objections" and instead state an appropriate objection under each individual Request, along with the specific grounds for each objection. This request is without waiver to Defendant's argument that the matters are deemed admitted and that Plaintiff has waived any right to object to Defendant's First Set of Requests for Admission.

### VI. Conclusion

As explained above, Plaintiff's responses to Defendant's First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission are untimely, improper and/or woefully deficient. Defendant requests that you respond to this correspondence in writing and supplement your responses and documents within five (5) days, or by noon or April 26,

Ron Langacker
April 21, 2011
Page 7

2011. Should you have any questions or would like to discuss the above or this matter generally, please feel free to contact me.

>Very truly yours,
>
>Ryan T. Brown

RTC/clc