# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| JACKIE L. HARDWICK, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 10-CV-2149 |
| ) | |
| JOHN AND MARY E. KIRBY ) | |
| HOSPITAL, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

This case is before the court for ruling on the Objection to the Order of August 19, 2011 (#52) filed by Plaintiff, Jackie L. Hardwick. Following careful consideration of Plaintiff's arguments, the Order appealed from and the history of this case, Plaintiff's Objection (#52) is DENIED.

## BACKGROUND

On June 10, 2011, Magistrate Judge David G. Bernthal entered an Order (#37) which granted the Motion to Deem Facts Admitted (#24) filed by Defendant, John and Mary E. Kirby Hospital. Judge Bernthal noted that there had been a serious lack of progress in the discovery phase of this litigation. Judge Bernthal stated that "[t]o the frustration of the Defendant and now the Court, the lack of progress is principally the result of the failure of the Plaintiff to participate in the required discovery in a meaningful way."[1] Judge Bernthal noted that Plaintiff acknowledged that the response to Defendant's First Set of Requests for Admission was due April 15, 2011. Judge

---

[1] On June 9, 2011, Judge Bernthal entered an Order (#36) which granted Defendant's Motion to Compel (#22). Defendant's Motion to Compel set out in detail Plaintiff's failure to timely comply with discovery obligations.

Bernthal further noted that Plaintiff's response to the Motion to Deem Facts Admitted contained the curious statement that "Plaintiff promptly responded to Defendant's requests on April 19th, 2011." Judge Bernthal stated that Plaintiff went on to argue that the tardy response was "[a]t most excusable neglect" and did not offer a further explanation. Judge Bernthal also recounted that Plaintiff's response to the request for admissions consisted of general objections, followed by a denial of each request, subject to the general objections. Judge Bernthal noted that Defendant "forcefully argues that the request should be deemed admitted on the basis of what Defendant asserts is bad faith on the part of Plaintiff" and pointed out that the response to Request for Admission No. 5 was in direct conflict with documents Plaintiff had produced in response to discovery requests. Judge Bernthal stated that what was most troubling to the Court, however, "in the overall context of the Plaintiff's cavalier approach to her discovery obligations is the fact that she did not respond within the time clearly established by the rule" and did not seek an extension. Judge Bernthal stated:

> Plaintiff suggests that the rule does not mandate an order deeming matters admitted. In all candor, there may be cases where the Court would look for a way to avoid the harsh result permitted by the rule. This is not such a case. Given Plaintiff's approach to her discovery obligations, the harsh result is appropriate in this case.

On July 4, 2011, Plaintiff filed a Motion to Withdraw and Otherwise Amend Answers to the Defendant's Requests for Admissions (#42). On August 19, 2011, Judge Bernthal entered an Order (#51). Judge Bernthal noted that Plaintiff was clearly seeking relief from the consequences of her own failures. Judge Bernthal stated that he had recognized in his prior Order that the consequences were harsh. Judge Bernthal stated that, after reviewing the matter, he concluded that the relief

previously granted was appropriate. Judge Bernthal therefore denied Plaintiff's Motion (#42). Plaintiff then filed her Objection to Judge Bernthal's Order of August 19, 2011 (#52) with this court.

## ANALYSIS

Plaintiff argues that Judge Bernthal did not consider the applicable rule for withdrawing facts deemed admitted. She noted that Rule 36(b) of the Federal Rules of Civil Procedure states that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Plaintiff argues that her request to withdraw and amend her answers clearly meets the first standard of Rule 36(b), as it would be impossible to bring an action on the merits were all of the facts deemed admitted left on the record. Plaintiff also argued that Defendant is not prejudiced by allowing her to amend or withdraw the admitted facts. Plaintiff argued that "[a]lthough there was a brief delay in the response to admissions, that delay should not be seen as sufficient prejudice to forbid the Plaintiff from bringing her case on the merits."

Rule 36(a) "clearly provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted." United States v. Kasuboski, 834 F.2d 1345, 1349 (7th Cir. 1987). "Rule 36(a) is self-executing, meaning that no court intervention is necessary for an admission to be established, and failure to timely respond results in the admission of the matters raised in a request for admissions." Lincoln Diagnostics, Inc. v. Panatrex, Inc., 2008 WL 2246960, at *10 (C.D. Ill. 2008), citing Matthews v. Homecoming Fin. Network, 2006 WL 2088194, at *1-2 (N.D. Ill. 2006). Under Rule 36(b), a matter that is deemed admitted is "conclusively established." Lincoln Diagnostics, Inc., 2008 WL 2246960, at *10, citing Meyer v. Mitchell, 2007 WL 2068478, at *4 (N.D. Ind. 2007). In this case, there is no dispute that Plaintiff

3

did not file a timely response to Defendant's First Set of Requests for Admission. Therefore, all of the factual statements set out by Defendant were admitted by Plaintiff.

This court agrees with Judge Bernthal that Plaintiff has not presented an adequate basis for withdrawing her admissions. Under Rule 36(b), a court may permit a party to withdraw default admissions if several requirements are met: (1) the presentation of the merits of the action will be subserved by recision or withdrawal; (2) the party who obtained the default admissions fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits; and (3) the court, in its discretion, permits the recision or withdrawal. Matthews, 2006 WL 2088194, at *2; citing Fed. R. Civ. P. 36(b); see also Banos v. City of Chicago, 398 F.3d 889, 892 (7th Cir. 2005); Kasuboski, 834 F.2d at 1350 n.7.

In this case, Plaintiff has provided this court with no explanation for the failure to respond in a timely manner other than that her counsel has taken responsibility for the late response and errors in the pleadings and that she should not be prevented from having her case heard on the merits due to no fault of her own. This court agrees with Judge Bernthal that this is not an adequate explanation as to Plaintiff's failure to file a timely response to Defendant's's Requests for Admission. More importantly, the first prong of the standard under Rule 36(b) requires the party seeking to withdraw admissions to demonstrate that permitting the withdrawal "subserves the merits." See Matthews, 2006 WL 2088194, at *2. Plaintiff has not met this burden as she has not provided any information showing that she has a meritorious claim which will be precluded by the admissions.

Plaintiff has argued that this court should review Judge Bernthal's Order under a de novo standard of review because the effect of the Order will be dispositive in this case. This court

concludes, however, that the applicable standard of review is the "clearly erroneous" standard. <u>See</u> Fed R. Civ. P. 72(a). Under either standard, this court finds no reason to disturb Judge Bernthal's ruling.

IT IS THEREFORE ORDERED THAT Plaintiff's Objection to the Order of August 19, 2011 (#52) is DENIED.

ENTERED this 22<u>nd</u> day of September, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE