# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| JACKIE L. HARDWICK, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> BARBARA MILTON, in her individual ) <br> capacity, and ) <br> JOHN AND MARY E. KIRBY HOSPITAL, ) <br> ) <br> Defendants. ) | Case No. 10-2149 |

# ORDER

Before the Court is Defendant's Motion for Reasonable Expenses in Bringing Its Motion to Deem Facts Admitted (#34). Plaintiff has filed a written response (#40). Prior to addressing the motion, recitation of the pertinent history is in order.

On May 10, 2011, Defendant filed a Motion to Deem Facts Admitted (#24). On June 10, 2011, the Court entered an Order (#37) which granted that motion (#24). On July 4, 2011, Plaintiff filed a Motion for Leave to Withdraw and Otherwise Amend Answers to the Defendant's Requests for Admissions (#42). On August 19, 2011, the Court entered an Order (#51) denying Plaintiff's motion (#42). On September 2, 2011, Plaintiff filed an Objection to the Order of August 19, 2011 (#52). In an Opinion (#53), filed September 22, 2011, Chief United States District Judge Michael P. McCuskey denied Plaintiff's Objection (#52). As a consequence of the foregoing, the contents of Defendant's First Set of Requests for Admission have been deemed admitted.

In the present motion (#34), Defendant argues that it is entitled to an award of reasonable expenses, including attorney fees, pursuant to FED. R. CIV. P. 37(c)(2). That rule provides, in pertinent part:

> If a party fails to admit what is requested under Rule 36, and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorneys' fees, incurred in making that proof.

FED. R. CIV. P. 37(c)(2).

The rule clearly speaks of costs incurred in connection with the proof of the facts in question. The Advisory Committee Notes regarding the 1970 amendment states, "Instead, Rule 37(c) is intended to provide posttrial relief in the form of a requirement the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial." FED. R. CIV. P. 37 Advisory Committee's Note.

In the present case, Defendant will not be required to prove the facts at trial. Defendant has obtained relief in the form of the Court's Order deeming the facts admitted. Consequently, the rule does not authorize an award of fees under these circumstances.

Accordingly, Defendant's Motion for Reasonable Expenses in Bringing Its Motion to Deem Facts Admitted **(#34)** is **DENIED**.

ENTER this 8th day of November, 2011.

                                                  s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE