UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JACKIE L. HARDWICK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-CV-2149 |
| ) | |
| JOHN AND MARY E. KIRBY ) | |
| HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

This case is before the court for ruling on the Motion to Assess Costs (#62) and Bill of Costs (#63) filed by Defendant, John and Mary E. Kirby Hospital. Plaintiff, Jackie L. Hardwick, has filed an Objection to Defendant's Motion to Assess Costs (#64). Following careful consideration of the parties' arguments and the documents provided to the court, the Motion to Assess Costs (#62) and Bill of Costs (#63) are GRANTED in part and DENIED in part. Costs are assessed in the total amount of $763.25.

BACKGROUND

On February 22, 2012, this court entered an Opinion (#60) and granted Defendant's Motion for Summary Judgment (#55). This court set out, in detail, the history of the litigation in this case and the facts presented for purposes of summary judgment. This court concluded that Plaintiff failed to show that she was disabled under the ADA. Therefore, Defendant had no obligation to accommodate her and she could not prevail on her discrimination claim. This court also concluded that Plaintiff's admissions precluded her from proceeding on her claim of discrimination under the ADA. In addition, this court

concluded that the evidence showed that Plaintiff never complained about harassment or discrimination on the basis of disability and Defendant was entitled to summary judgment on Plaintiff's retaliation claim. Judgment was entered in favor of Defendant and against Plaintiff on February 22, 2012 (#61).

On March 7, 2012, Defendant filed a Motion to Assess Costs (#62). On March 9, 2012, Defendant filed a Bill of Costs (#63). Defendant requested a total of $5,385.25 in costs, consisting of $763.25 for the cost of copying documents, $197.38 for long distance telephone calls, $104.00 for postage and delivery costs, and $4,320.62 for computerized legal research charges. Defendant attached the affidavit of Ryan T. Brown, one of Defendant's attorneys, in support of its Motion to Assess Costs.

On March 23, 2012, Plaintiff filed her Objection to Defendant's Motion to Assess Costs (#64). Plaintiff argued that Defendant can only recover costs listed in 28 U.S.C. § 1920. Plaintiff therefore argued that the amounts requested for telephone calls, postage, and computerized legal research are not recoverable. Plaintiff also argued that defendant did not adequately detail the costs requested for copies.

## ANALYSIS

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Seventh Circuit has stated that there is, therefore, a presumption that the prevailing party will recover costs. See Beamon v. Marshall & Ilsley Tr. Co., 411 F.3d 854, 864 (7th Cir. 2005). "District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." Weeks

v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). The presumption in favor of awarding costs is difficult to overcome, and the court must award costs unless the losing party establishes a sufficient reason to deny costs. Weeks, 126 F.3d at 945; Fitts v. Vill. of Grant Park, 2011 WL 811456, at *1 (C.D. Ill. 2011). Generally, a court may deny costs for two reasons: 1) because the losing party is unable to pay; and 2) because the prevailing party engaged in misconduct. Fitts, 2011 WL 811456, at *1, see also Weeks, 126 F.3d at 945. This court notes that Plaintiff has not argued that costs should not be awarded because she is unable to pay or because Defendant engaged in misconduct. Therefore, Defendant is entitled to an award of costs.

However, in taxing costs, this court must consider whether the costs requested are recoverable and whether the costs requested are both reasonable and necessary. See Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998). Allowable costs in most cases are limited to the categories listed in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Republic Tobacco Co. v. N. Atl. Trading Co., 481 F.3d 442, 447 (7th Cir. 2007). "Costs should generally be accepted so long as they fall into one of the categories of costs statutorily authorized for reimbursement." Horizon Hobby, Inc. v. Ripmax Ltd., 2009 WL 3381163, at *3 (C.D. Ill. 2009), aff'd 397 Fed. Appx. 627 (Fed. Cir. 2010).

Section 1920 provides that the following may be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

This court agrees with Plaintiff that costs for telephone calls, postage and delivery, and computerized legal research are not listed in § 1920 and are not recoverable. Defendant has relied on Burda v. M. Ecker Co., 2 F.3d 769 (7th Cir. 1993) in arguing that it is entitled to recover these costs. In that case, the Seventh Circuit stated that the costs incurred "were fully documented and represented amounts spent for filing fees, photocopying, postage, telephone and delivery charges, and computerized legal research, all of which are properly recoverable by a prevailing party." Burda, 2 F.3d at 778. However, courts have questioned this language in Burda. In Thomas v. City of Peoria, 2009 WL 4591084, at *2 (C.D. Ill. 2009), the district court noted that, in Burda, the court awarded attorney's fees so it is not clear from the opinion whether costs were awarded as part of the attorney's fees or as costs of suit. Moreover, the decision in Burda only generally refers to the costs as recoverable without discussing the fact that they were not specifically authorized in the statute. See

AMC v. Intercontinental, 2010 WL 4735760, at *2 (N.D. Ill. 2010).

This court concludes that it is well settled that computerized legal research costs are only recoverable as part of an award of attorney's fees and cannot be recovered as costs under Rule 54(d). See Haroco, Inc. v. Am. Nat'l Bank & Tr. of Chicago, 38 F.3d 1429, 1440-41 (7th Cir. 2004); McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990); Thomas, 2009 WL 4591084, at *2-3; OneBeacon Ins. Co. v. First Midwest Bank, 2009 WL 2612518, at *2 (N.D. Ill. 2009); Mason v. Smithkline Beacham Corp., 2008 WL 5397579, at *4 (C.D. Ill. 2008). This court also concludes that, despite the general language in Burda, telephone charges are not recoverable because they are not specifically authorized by § 1920. See AMC, 2010 WL 4735760, at *2. The same is true of postage and delivery costs because they "generally are considered ordinary business expenses that are not compensated under § 1920." Perry v. City of Chicago, 2011 WL 612342, at *6 (N.D. Ill. 2011); Nat'l Prod. Workers Union Ins. Tr. v. Life Ins. Co. of N. Am., 2010 WL 2900325, at *4 (N.D. Ill. 2010), citing Angevine v. WaterSaver Faucet Co., 2003 WL 23019165, at *9 (N.D. Ill. 2003); OneBeacon Ins. Co., 2009 WL 2612518, at *2.

This court concludes, however, that Defendant is entitled to recover its copying costs. In his affidavit, Brown stated that "[m]ore than 7,000 copies have been made in relation to this matter, including copies of pleadings and motions filed with the Court, documents attributable to [Defendant's] initial disclosures under Fed. R. Civ. P. 26(a)(1), and documents retained and copied pursuant to the preservation requirements of the 7th Circuit." Brown stated that they were billed $763.25 for copies at $.17 per page and the bill was paid. Brown stated that the "cost for the copying of these documents was necessarily incurred by

[Defendant] in the case."

Fees for "copies of papers necessarily obtained for use in the case" are properly awarded as costs to the prevailing party. See Weeks, 126 F.3d at 945, citing 28 U.S.C. § 1920(4). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. See Kulumani v. Blue Cross Blue Shield Ass'n, 224 F.3d 681, 685 (7th Cir. 2000); Nat'l Prod. Workers, 2010 WL 2900325, at *3. In this case, Defendant has set out the purpose of the copies made and the charge per page. Defendant has not requested reimbursement for all 7,000 pages copied but has asked that costs be assessed for the $763.25 it paid for copies at $.17 per page. Defendant also submitted an affidavit which stated that the "cost for the copying of these documents was necessarily incurred by [Defendant] in this case." See Thomas, 2009 WL 4591084, at *1. This court, in the exercise of its discretion, therefore concludes that Defendant has adequately shown that the photocopying costs were necessary and reasonable because the total number of pages does not appear to be out of line considering Defendant's discovery obligations and the number of pleadings in this case. See Nat'l Prod. Workers, 2010 WL 2900325, at *3; Thomas, 2009 WL 4591084, at *1; Mason, 2008 WL 5397579, at *4. This court notes that Defendant made numerous filings in this court, including a Motion for Summary Judgment with attached exhibits. This court therefore concludes that Defendant is entitled to recover the $763.25 it has requested for copying charges.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Assess Costs (#62) and Bill of Costs (#63) are GRANTED

in part and DENIED in part.

    (2)  Defendant is awarded the total amount of $763.25 in costs.

    ENTERED this 12th day of April, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE